UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
SCOTTSDALE INSURANCE COMPANY,

                    Plaintiff,

        -against-                                **REPORT AND**
                                                  **RECOMMENDATION**
LCB CONSTRUCTION LLC,
                                                  11-CV-3316 (ARR) (JMA)
                   Defendant.
-------------------------------------------------------------------X

A P P E A R A N C E S:

Ann Odelson
Carroll McNulty & Kull LLC
570 Lexington Avenue
8th Floor
New York, NY 10022
    *Attorney for Plaintiff*


**AZRACK**, **United States Magistrate Judge:**

       Plaintiff Scottsdale Insurance Company ("Scottsdale" or "plaintiff") brings this action against LCB Construction LLC ("LCB" or "defendant") seeking a declaratory judgment that it is not obligated to defend or indemnify LCB in connection with an underlying action filed in the Supreme Court of New York, Kings County. Compl. ¶¶ 1–3, ECF No. 1. On October 19, 2011, the Honorable Allyne R. Ross referred plaintiff's motion for default judgment to me for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). Order of Referral to Magistrate Judge, ECF No. 8. For the following reasons, I respectfully recommend granting plaintiff's motion for a default judgment declaring that it is not obligated to defend or indemnify defendant in the underlying action.

# I. FACTUAL BACKGROUND

## A. The Underlying Action

This matter arises out of an underlying action that was commenced in December of 2009 in the Supreme Court of New York, Kings County. Mem. of Law in Supp. of Pl.'s Mot. for Default J. ("Pl.'s Mem.") at 1. LCB is one of several defendants in the underlying action and is alleged to have negligently supervised and/or managed a residential construction project. Id. at 2–3. The complaint in the underlying action alleges that:

> In or about April 2007, [underlying property] suffered extensive and continuing damage to its foundation by reason of the defendants' negligent construction activities at the Project. In connection therewith, defendants excavated and removed soil adjacent to and below [underlying property's] foundation without properly underpinning thereby resulting in differential settlement, cracking, undermining of the foundation and a decrease in the foundation's load bearing capacity.

One Double Nine Dashing, LLC v. 203 Northside LLC, et al., No. 033150/2009 (N.Y. Sup. Ct. Kings Cnty), Compl. ¶ 28, Decl. of Ann Odelson ("Odelson Decl.") Ex. A, ECF No. 10.

## B. The Scottsdale Policies

Scottsdale previously issued LCB two general liability insurance policies (collectively, "Scottsdale Policies") and has thus far defended the claims against LCB in the underlying action. See Pl.'s Mem. at 1, 3–6. Scottsdale first issued Commercial General Liability Policy No. CLS1255670 to LCB for the period of May 5, 2006, to May 5, 2007 (the "2006–2007 Policy"). Pl.'s Mem. at 3. The 2006–2007 Policy has a $2 million general aggregate liability limit. 2006-2007 Policy, Odelson Decl. Ex. B. In the event of a claim or suit, the policy includes a duty on the part of defendant to "Cooperate with [Scottsdale] in the investigation or settlement of the

claim or defense against the 'suit'[.]"[1] Id. at Section IV(2)(c)(3). The 2006-2007 policy also includes an "Earth or Land Movement Exclusion," which provides, in pertinent part, that:

> This policy does not apply to . . . "property damage" . . . or damages . . . caused, directly or indirectly or in whole or in part, by the movement, in any direction, of earth or land, regardless of:
>
>   1. The cause or source of such earth or land movement;
>   2. Whether such earth or land movement arises from natural or man-made forces or causes; or
>   3. Whether such earth or land movement occurs:
>        a. Independently of;
>        b. As a result of;
>        c. In concurrence or connection; or
>        d. In any sequence associated
>           with any other natural or man-made forces, causes, events or operations.
>
> Earth or land movement includes, but is not limited to, subsidence, settling, sinking, rising, slipping, falling away, caving in, shifting, expanding, contracting, dissolving, eroding, mudflow, sliding, tilting of land or earth, earthquakes, volcanic eruption and weather.

Id.

Scottsdale then issued Commercial General Liability Policy No. CLS1376581 to LCB for the period of May 5, 2007 to May 5, 2008 (the "2007–2008 Policy"). Pl.'s Mem. at 6. In addition to the above language from the 2006–2007 Policy, the 2007-2008 Policy contains a "Continuing or Ongoing Damage Exclusion," which provides, in pertinent part, that:

> This insurance does not apply to "property damage" when any of the following apply:
>
> Continuing or Ongoing Damage
>
>   1. The "property damage" first occurred, began to occur or is alleged to have occurred or been in the process of occurring, to any degree, in whole or in part, prior to the inception date of this policy.
>   2. The "property damage" is indiscernible from other damage that is incremental, continuous or progressive damage arising from an "occurrence" which first occurred, began to occur or is alleged to

---
[1] For simplicity's sake, the Court refrains from reproducing the policies' extensive definition sections.

>have occurred, to any degree, in whole or in part, prior to the inception date of this policy.

2007–2008 Policy, Odelson Decl. Ex. C.

**C.   The Instant Declaratory Judgment Action**

In July, September, November, and December of 2010, counsel retained by Scottsdale to represent LCB in the underlying action requested that LCB provide copies of documents and information that are crucial to the defense of the underlying action. Aff. of David Sommers in Supp. of Mot. for Default J. ("Sommers Aff.") ¶¶ 7, 8, ECF No. 15. LCB failed to provide any of the requested documentation. Id. Scottsdale also retained an investigator to obtain the information needed to defend the underlying action against LCB. Id. ¶ 9. The investigator's office: (1) sent letters to LCB on March 28, 2011; April 1, 2011; and May 26, 2011; (2) made visits to LCB's business office on April 1, 2011, and May 26, 2011; and (3) left several telephone messaged with LCB. Id. Still, LCB failed to respond or provide the requested documentation. Id.

Based upon its investigation and LCB's failure to cooperate in its defense of the underlying action, on May 20, 2011, Scottsdale disclaimed a duty to further defend or indemnify LCB. Ltr. from Ann Odelson, to Reuben Pinner, May 20, 2011, Odelson Decl. Ex. D. On July 11, 2011, Scottsdale commenced the instant declaratory judgment action against LCB. Compl. at 1. LCB was served via the New York Secretary of State on July 13, 2011. Aff. of Service, Odelson Decl. Ex. F. On September 1, 2011, Scottsdale's counsel sent LCB a letter advising that Scottsdale would move for a default judgment if LCB did not answer or otherwise respond to the complaint. Ltr. from Eileen de Callies, to Reuben Pinner, Sept. 1, 2011, Odelson Decl. Ex. G. To date, LCB has failed to answer the complaint or otherwise appear in this action. See Docket, 11-CV-3316. Accordingly, the Clerk of the Court issued an Entry of Default as to LCB on

October 18, 2011. ECF No. 7. Scottsdale then filed the instant motion for default judgment on December 13, 2011. ECF No. 9.

## II. DISCUSSION

### A. Default Liability

Pursuant to the Federal Rules of Civil Procedure, the court shall enter a default judgment against a party that has failed to plead or otherwise defend an action brought against it. Fed. R. Civ. P. 55(b)(2). A default amounts to an admission of liability, and all well-pleaded allegations in the complaint pertaining to liability are deemed true. See Greyhound Exhibit Grp., Inc. v. E.L.U.L. Realty Corp., 973 F.2d 155, 158 (2d Cir. 1992) (internal citation omitted); Lyons P'ship, L.P. v. D & L Amusement & Entm't, Inc., 702 F. Supp. 2d 104, 109 (E.D.N.Y. 2010). "[I]t remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit conclusions of law." Leider v. Ralfe, No. 01 Civ. 3137, 2004 WL 1773330, at *7 (S.D.N.Y. July 30, 2004) (quoting In re Indus. Diamonds Antitrust Litig., 119 F. Supp. 2d 418, 420 (S.D.N.Y. 2000)).

In addition to, or in lieu of, damages and costs, courts are empowered to grant declaratory relief following default. Continental Ins. Co. v. Huff Enters. Inc., No. 07-CV-3821, 2009 WL 3756630, at *3 (E.D.N.Y. Nov. 6, 2009). However, the "plaintiff must . . . establish that on the law it is entitled to the relief it requests, given the facts as established by the default." Trs. of the Plumbers Local Union No. 1 Welfare Fund v. Generation II Plumbing & Heating, Inc., No. 07-CV-5150, 2009 WL 3188303, at *2 (E.D.N.Y. Oct. 1, 2009) (citation omitted).

### B. Plaintiff's Request for Declaratory Judgment

Plaintiff alleges that coverage is unavailable to defendant under the Scottsdale Policies for three reasons: (1) defendant breached its duty under both policies to cooperate in the defense

5

of the underlying action; (2) coverage is unavailable under both policies by virtue of the Earth or Land Movement Exclusions; and (3) coverage is unavailable under the 2007–2008 Policy by virtue of the Continuing or Ongoing Damage Exclusion. Pl.'s Mem. at 8–14.

"[B]efore an insurance company is permitted to avoid policy coverage, it must satisfy the burden which it bears of establishing that the exclusions or exemptions apply in the particular case, and that they are subject to no other reasonable interpretation." Seaboard Surety Co. v. Gillette Co., 64 N.Y.2d 304, 311 (1984). Further, "[a]ny such exclusions or exceptions from policy coverage must be specific and clear in order to be enforced. They are not to be extended by interpretation or implication, but are to be accorded a strict and narrow construction." Id.

New York courts have enforced disclaimers of coverage based on an insured's failure to cooperate in the defense of its claim or suit. See, e.g., Utica Mut. Ins. Co. v. Gruzlewski, 217 A.D.2d 903, 903 (N.Y. App. Div. 4th Dep't 1995) (enforcing disclaimer because insured "willfully obstructed plaintiff's defense of the underlying litigation by refusing to turn over documents and failing to appear at an examination before trial or court-ordered pretrial/settlement conferences."). In order to deny coverage based on lack of cooperation, an insurance carrier must demonstrate: "(1) that it acted diligently in seeking to bring about the insured's cooperation, (2) that the efforts employed by the insurer were reasonably calculated to obtain the insured's cooperation, and (3) that the attitude of the insured, after his or her cooperation was sought, was one of willful and avowed obstruction." Allstate Ins. Co. v. United Intl. Ins. Co., 16 A.D.3d 605, 606 (N.Y. App. Div. 2d Dep't 2005) (citation omitted). In light of LCB's complete lack of participation in this or the underlying action despite the extensive effort expended by Scottsdale to obtain LCB's cooperation, I find that "[defendant's] alleged failure to

cooperate was deliberate." Id.  I therefore also find that Scottsdale has demonstrated the three elements necessary for denying coverage based on lack of cooperation.

New York courts have also enforced so-called "earth movement" exclusions in insurance policies that are similar to those in the Scottsdale Policies.  See, e.g., Cali v. Merrimack Mut. Fire Ins. Co., 43 A.D.3d 415, 417 (N.Y. App. Div. 2d Dep't 2007) (enforcing policy in which "[l]osses due to 'earth movement' are excluded 'regardless of any other cause or event contributing concurrently or in any sequence to the loss.'"); Sheehan v. State Farm Fire & Cas. Co., 239 A.D.2d 486, 487 (N.Y. App. Div. 2d Dep't 1997) (enforcing exclusion in homeowner's policy that covered damages caused by all earth movements, "regardless of the cause[.]"); Kula v. State Farm Fire & Cas. Co., 212 A.D.2d 16, 20 (N.Y. App. Div. 4th Dep't 1995) (same); see also Brice v. State Farm Fire & Cas. Co., 761 F. Supp. 2d 96, 102 (S.D.N.Y. 2010) (same); but see Bentoria Holdings, Inc. v Travelers Indem. Co., 84 A.D.3d 1135, 1136–37 (N.Y. App. Div. 2d Dep't 2011) (upholding lower court's denial of an earth movement exclusion where the terms of the exclusion were not clear and unambiguous).  I find that the earth movement exclusions in the Scottsdale Policies clearly and unambiguously cover the sort of man-made earth movement at issue in the underlying action.  Accordingly, I also find that Scottsdale is not required to defend or indemnify the underlying action against LCB.

Finally, I find that the clear and unambiguous language of the 2007–2008 Policy's Continuing or Ongoing Damage Exclusion also renders coverage unavailable under this policy because the property damage at issue in the underlying action is alleged to have commenced in April 2007.

In summary, I find that the applicable exclusions in the Scottsdale Policies are delineated "in clear and unmistakable language," Seaboard Surety Co., 64 N.Y.2d at 311, and that

7

Scottsdale has met its burden of establishing that, given the facts as established by the default, it is entitled to a declaratory judgment under the law.

### III.  CONCLUSION

For the foregoing reasons, I respectfully recommend granting plaintiff's motion for a default judgment declaring that it is not obligated to defend or indemnify defendant in the underlying action.  I hereby order plaintiffs to serve a copy of this Report and Recommendation on defendant and to file proof of service by ECF promptly.  Any objections to this Report and Recommendation must be filed with the Clerk of the Court, with a copy to the undersigned, within fourteen (14) days of the date of receipt of this Report and Recommendation.  Failure to file objections within the specified time waives the right to appeal the District Court's order.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 72.


SO ORDERED.


Dated: February 14, 2012
Brooklyn, New York


                                         /s/
                                         JOAN M. AZRACK
                                         UNITED STATES MAGISTRATE JUDGE